UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff/Counter-Defendant,


      v.                                      Case No. 6:16-cv-413-Orl-37GJK

NICOR, INC.,

        Defendant/Counter-Claimant.

_____

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff/Counter-Defendant,


      v.                                      Case No. 6:16-cv-1087-Orl-37GJK

AMERICAN DE ROSA LAMPARTS,
LLC,

        Defendant/Counter-Claimant.

_____

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

      v.                                      Case No. 6:16-cv-1255-Orl-37GJK

TECHNICAL CONSUMER
PRODUCTS, INC.,

        Defendant.

_____

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff/Counter-Defendant,

     v.                                          Case No. 6:16-cv-1256-Orl-37GJK

SATCO PRODUCTS, INC.,

        Defendant/Counter-Claimant.

---

LIGHTING SCIENCE GROUP
CORPORATION,

        Plaintiff,

     v.                                          Case No. 6:16-cv-1321-Orl-37GJK

AMAX LIGHTING,

        Defendant.

---

## ORDER

The five patent infringement actions identified above ("**Related Actions**")—each initiated seriatim by Plaintiff Lighting Science Group Corporation ("**Lighting Science**")—are before the Court upon consideration of the following identical documents filed in each Related Action: (1) Defendants' Motions to Stay Litigation Pending *Inter Partes* Review and Incorporated Memorandum in Support ("**Stay Motions**"), filed February 27, 2017;[1] (2) Plaintiff's Memoranda in Opposition to Defendants' Motions to

---

[1] (*Lighting Sci. v. Nicor, Inc.*, No. 6:16-cv-413-Orl-37GJK ("***Nicor* Action**"), at Doc. 86; *Lighting Sci. v. Am. De Rosa Lamparts, LLC*, No. 6:16-cv-1087-Orl-37GJK ("***ADRL* Action**"), at Doc. 36; *Lighting Sci. v. Tech. Consumer Prods., Inc.*, No. 6:16-cv-1255-Orl-

Stay Litigation ("**Responses**"), filed March 10, 2017;[2] (3) Defendants' Replies in Support

of Motion to Stay Litigation Pending *Inter Partes* Review and Incorporated Memoranda

in Support ("**Replies**"), filed March 27, 2017;[3] and (4) Plaintiff's Surreplies in Support of

Opposition to Motion to Stay Litigation Pending *Inter Partes* Review and Incorporated

Memorandum of Law in Opposition ("**Surreplies**"), filed May 1, 2017.[4]

## I.    BACKGROUND

In these Related Actions, Lighting Science claims that its competitors in the LED

lighting market—Nicor, Inc. ("**Nicor**"), American De Rosa Lamparts, LLC ("**ADRL**"),

Technical Consumer Products, Inc. ("**TCPI**"), Satco Products, Inc. ("**Satco**"), and Amax

Lighting ("**Amax**")—are infringing certain claims ("**Asserted Claims**") of three of

Plaintiff's registered patents ("**Patents-in-Suit**")—U.S. Patent No. 8,201,968

("'**968 Patent**"), U.S. Patent No. 8,672,518 ("'**518 Patent**"), and U.S. Patent No. 8,967,844

("'**844 Patent**").[5]

---

37GJK ("*TCPI* **Action**"), at Doc. 49; *Lighting Sci. v. Satco Prods., Inc.*, No. 6:16-cv-1256-Orl-37GJK ("*Satco* **Action**"), at Doc. 44; *Lighting Sci. v. Amax Lighting*, No. 6:16-cv-1321-Orl-37GJK ("*Amax* **Action**"), at Doc. 49.)

[2](*Nicor* Action, at Doc. 87; *ADRL* Action, at Doc. 37; *TCPI* Action, at Doc. 51, *Satco* Action, at Doc. 45; *Amax* Action, at Doc. 48.)

[3](*Nicor* Action, at Doc. 91; *ADRL* Action, at Doc. 39; *TCPI* Action, at Doc. 55, *Satco* Action, at Doc. 48; *Amax* Action, at Doc. 52.)

[4](*Nicor* Action, at Doc. 97; *ADRL* Action, at Doc. 44; *TCPI* Action, at Doc. 61, *Satco* Action, at Doc. 52; *Amax* Action, at Doc. 57.)

[5](*Nicor* Action, at Doc. 45 (Amended Complaint); *ADRL* Action, at Doc. 1 (Complaint); *TCPI* Action, at Doc. 29 (Amended Complaint), *Satco* Action, at Doc. 11 (Amended Complaint); *Amax* Action, at Doc. 37 (Amended Complaint).)

By asserting counterclaims and affirmative defenses in these actions,[6] and by filing petitions with the Patent Trial and Appeal Board ("**PTAB**") on **April 17, 2017** ("**Petitions**"), for *inter partes* review ("**IPR**") in accordance with new procedures set forth in the Leahy-Smith America Invents Act ("**AIA**"), 35 U.S.C. §§ 311–319, each of the Defendants have challenged the validity of the Asserted Claims.[7] Based on their Petitions, and the fact that the PTAB previously instituted IPRs with respect to claims of the '968 and '844 Patents,[8] the Defendants request that the Court stay these proceedings pending further action by the PTAB. (*See supra* nn.1, 3.) Lighting Science opposes the Stay Motions (*see supra* nn.2, 4), and the matter is ripe for adjudication.

## II.    DISCUSSION

Under the AIA, IPR presents "a new system for reviewing issued patents, providing for stays of district court proceedings, and estoppels in tribunals, based on" expedited decisions of the Patent and Trademark Office ("**PTO**").[9] *See SAD Inst., Inc. v.*

---

[6](*See Nicor* Action, at Doc. 48; *ADRL* Action, at Doc. 21; *TCPI* Action, at Doc. 36, *Satco* Action, at Doc. 22, pp. 14–16; *Amax* Action, at Doc. 39.)

[7](*See Nicor* Action, Doc. 93; *TCPI* Action, Doc. 57; *Amax* Action, Doc. 54.)

[8]Based on petitions filed by prior Defendants in another Related Case—*Lighting Science v. Sea Gull Lighting Products, LLC*, No. 6:16-cv-338-Orl-37GJK ("*SGLP* **Action**")—on **February 6, 2017**, the PTAB instituted IPRs with respect to claims of the '968 and '844 Patents ("*SGLP* **IPRs**"). (*See Dismissed SGLP* Action, Doc. 56.) After the Court dismissed the *SGLP* Action on **March 8, 2017**, in accordance with the parties' settlement, the SGLP IPRs were also dismissed.

[9]The new adjudicative IPR process is intended to improve the non-adjudicative post-issue examination process by: (1) "reducing to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months"; and (2) "minimizing duplicative efforts by increasing coordination between district court litigation" and the IPR processes. *See Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at *1 (M.D. Fla. 2014) (granting motion to stay).

*ComplementSoft, LLC*, 825 F.3d 1341, 1353–54 (Fed. Cir. 2016) (Newman, J., concurring in part & dissenting in part). In the two-stage IPR proceeding:

> (1)    the PTAB first reviews the IPR petition and any preliminary response, and makes its decision—which is not subject to appeal—whether "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" based on prior art (*see Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1314 (Fed. Cir. 2016) (quoting 35 U.S.C. § 314(a))); and

> (2)    the PTAB then conducts the IPR and—based on a fulsome administrative record—issues a final written decision with respect to "any patent claim challenged by the petitioner" (*see id*. (quoting 35 U.S.C. § 318(a)).

When IPRs are sought, the decision to stay related civil patent infringement litigation is within the sound discretion of the district court. *See Auto. Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, 2012 WL 6133763, at *1 (M.D. Fla. Nov. 21, 2013). Non-exclusive factors pertinent to the exercise of such discretion include: (1) the procedural posture of the litigation, including whether discovery is complete and a trial date is set ("**Procedural Posture Factor**"); (2) whether the stay will simplify issues in the dispute between the litigants ("**Simplification Factor**"); and (3) whether the stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party ("**Prejudice Factor**"). *See id*.[10]

---

[10] *See also Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility, LLC*, Case No. 14-22659-CIV-Scola, 2015 WL 12715618, at *1 (S.D. Fla. May 11, 2015) (granting stay); *CANVS Corp. v. Nivisys*, No. 2:14-cv-99-FtM-38DNF, *LLC*, 2014 WL 6883123, at *2 (M.D. Fla. Dec. 5, 2014) (granting stay).

Here, the totality of the circumstances weigh in favor of entering a stay. First, the procedural posture of the Related Actions is not advanced. The oldest Related Action was filed on March 10, 2016 (*see Nicor* Action, at Doc. 1), the newest was filed on July 22, 2016 (*see Amax* Action, at Doc. 1), and—due the amendment of pleadings, an initial lack of diligence,[11] various requests for extensions of time, and the necessity of consolidating the Related Actions to conserve resources—discovery is far from complete, the Court has not conducted a claim construction hearing, the claim construction issues are not fully briefed, and the trial dates are not yet set.[12] Thus, the Procedural Posture Factor weighs in favor of entering a stay.

Given the pending invalidity counterclaims and affirmative defenses (*see supra* note 6), there is little doubt that input from the PTO will facilitate the resolution of these proceedings. Hence the Simplification Factor also weighs strongly in favor of entering a stay. *See Primera Tech.*, 2013 WL 6133763, at *4 (noting the varied benefits that may result from IPRs even when no claims are invalidated).

Finally, the Prejudice Factor weighs somewhat against entry of a stay, but it is not determinative here because Lighting Science's litigation choices do not demonstrate any particular sense of urgency. *See Andersons*, 2014 WL 4059886, at *3 (rejecting argument that stay was inappropriate because the parties were competitors); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–19 (Fed. Cir. 2014) (reversing denial of stay

---

[11](*Nicor* Action, at Doc. 87; *ADRL* Action, at Doc. 37; *TCPI* Action, at Doc. 51, *Satco* Action, at Doc. 45; *Amax* Action, at Doc. 48.)
[12](*See e.g.*, *Nicor* Action, at Docs. 81, 83, 84.)

where district court gave undue weight to parties' status as competitors). Further, the new expedited procedures provided under the AIA should ameliorate any risk of prejudice. *See Primera Tech.*, 2013 WL 6133763, at \*3.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)    Defendant Nicor, Inc.'s Motion to Stay Litigation Pending *Inter Partes* Review and Incorporated Memorandum in Support filed in the *Nicor* Action (Doc. 86) is **GRANTED**.

(2)    Defendant American De Rosa Lamparts, Inc.'s Motion to Stay Litigation Pending *Inter Partes* Review and Incorporated Memorandum in Support filed in the *ADRL* Action (Doc. 36) is **GRANTED**.

(3)    Defendant Technical Consumer Products, Inc.'s Motion to Stay Litigation Pending *Inter Partes* Review and Incorporated Memorandum in Support filed in the *TCPI* Action (Doc. 49) is **GRANTED**.

(4)    Defendant Satco Products, Inc.'s Motion to Stay Litigation Pending *Inter Partes* Review and Incorporated Memorandum in Support filed in the *Satco* Action (Doc. 44) is **GRANTED**.

(5)    Defendant Amax Lighting's Motion to Stay Litigation Pending *Inter Partes* Review and Incorporated Memorandum in Support filed in the *AMAX* Action (Doc. 47) is **GRANTED**.

(6)    The Related Actions are hereby **STAYED** pending resolution of the Petitions for *Inter Partes* Review referenced above.

(7)     The Clerk is **DIRECTED** to vacate all existing deadlines and **TERMINATE** all pending motions.

(8)     On or before Friday, **June 23, 2017**, and every 45 days thereafter, the parties to the Related Actions are **DIRECTED** to provide written notice to the Court concerning: (a) the status of the *Inter Partes* Proceedings; (2) any settlement discussions in any Related Case; and (3) whether assistance from this Court is desired to facilitate settlement discussions.

DONE AND ORDERED in Orlando, Florida, this 9th day of May, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record